IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH E. KOHLER,                    :
                                     :
              Plaintiff              :
                                     :
       vs.                           : CIVIL ACTION NO. 3:CV-04-1216
                                     : (CHIEF JUDGE VANASKIE)
JO ANNE B. BARNHART,                 :
Commissioner of Social Security,     :
                                     :
              Defendant              :

## MEMORANDUM and ORDER

Plaintiff, Joseph E. Kohler ("Kohler"), filed the instant action on June 4, 2004, pursuant to 42 U.S.C. § 405(g), for review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  Plaintiff, who was forty six years of age at the time of the administrative hearing conducted in this matter, claims that he is unable to engage in gainful employment because of low back pain and depression.

In a Report and Recommendation ("R&R") filed on May 17, 2005 (Dkt. Entry 15), United States Magistrate Judge Thomas M. Blewitt, to whom this matter had been referred, addressed Kohler's contentions and concluded that the Commissioner's decision was supported by substantial evidence.  Thus, he proposed that the denial of benefits be sustained.

On June 3, 2005, Kohler filed "Exceptions" to the R&R.  (Dkt. Entry 16.)  Kohler's three objections are that: (1) insufficient weight was accorded the opinions of Kohler's treating

physicians (id., at 6-11); (2) the record either compels the conclusion that Kohler's depression

was  severe, or the matter should be remanded to assess the significance of "new evidence"

concerning the severity of his mental condition  (id. at 12-15); and (3) the Magistrate Judge

erred in concluding that the  ALJ's hypothetical question to the vocational expert incorporated

the combination of physical and mental  impairments endured by Kohler.  (Id. at 15-18.)  On

June 16, 2005, the Commissioner filed her response to Kohler's objections.  (Dkt. Entry 18.)

     Having reviewed the record de novo and given plenary consideration to the arguments

advanced by Kohler, this Court finds that the denial of disability benefits is indeed supported by

substantial evidence.[1]  Accordingly, the Report and Recommendation of Magistrate Judge

Blewitt will be adopted and the Commissioner's decision denying Kohler's application for

disability benefits will be affirmed.

## 1.   Weight Accorded Opinions of Treating Physicians

     Kohler argues that the ALJ erred when he failed to give substantial weight to the

opinions of Dr. Erik Gregorie, Dr. Jay Shah, and Dr. Eugene Pilek in connection with treatment

for depression that Kohler received in April and May of 2003.    (Exceptions to R&R, Dkt. Entry

16, at 6-11.)  In support of his argument, Kohler cites Morales v. Apfel, 225 F.3d 310 (3d Cir.

2000), which directed that the ALJ accord treating physicians' conclusions  great weight,

---

[1]Magistrate Judge Blewitt's Report and Recommendation includes a comprehensive
recitation of the evidence of record, and there is thus no need to detail the evidence here.

especially "when their opinions reflect expert judgement based on a continuing observation of the patient's condition over a prolonged period of time." Morales, 225 F.3d at 317. Kohler asserts that Dr. Gregorie indicated on April 3, 2003 that Kohler expressed increased back pain due to greater stress levels, that Dr. Shah reported on April 18, 2003 that Kohler threatened to shoot himself due to severe depression, and that Dr. Pilek found on May 14, 2003 that Kohler reported crying spells and major depression. (Id., at 7-8.)

Contrary to Kohler's contentions, the ALJ did not substitute his own opinion for that of Kohler's treating physicians. The ALJ's opinion reviews the medical records for the period of April and May, 2003, including records of hospitalization and treatment for depression. (R. at 18-19.) The ALJ concluded that Kohler suffered a "severe depressive episode" attributable to the dissolution of Kohler's marriage, but that the "severe period of this condition was only very short, involving only the period of his hospitalization. . . ." (Id. at 19.)

This determination is supported by the record. Medical records concerning treatment for any mental condition are limited to the months of April and May, 2003. (Id. at 212-222.) Plaintiff cites no evidence of a pre-existing condition or prior treatment for any mental condition. The diagnosis at the conclusion of the psychiatric treatment was adjustment and personality disorders and chronic personality issues, with a Global Assessment of Functioning score in a range that suggested only moderate symptoms or moderate difficulty in occupational functioning. (R&R at 14 n.7.) The record thus shows that Kohler was not diagnosed with

3

severe depression at the conclusion of this treatment episode.   Nor did Kohler show continuing

treatment for severe depression or any other mental condition.   The state of the record is such

that a reasonable person would accept it as adequate to support the ALJ's finding that "these

problems will [not] impose any significant limitations for a continuous period of 12 consecutive

months."  (R. at 19.)  Moreover, the ALJ could rationally conclude from the evidence that the

mental condition "would [not] have more than a minimal effect on the ability to do basic work

activities."  (Id.)

In summary, the ALJ did not disregard the treating physicians' opinions.  Indeed, his

conclusions concerning Kohler's mental status at the time of his decision are completely

consistent with the medical record.   Accordingly, the Court agrees with the Magistrate Judge,

who determined, based on the evidence of record, that "the ALJ properly found that Plaintiff's

depression did not significantly limit his ability to perform work activities."  (R&R, Dkt. Entry 15,

at 19.)

## 2.  The Severity of Plaintiff's Mental Disorder as Shown by "New Evidence"

Plaintiff contends that a January, 2005 medical report substantiates his assertion that

the ALJ erred in finding that he did not suffer from a severe mental disorder.  Alternatively, he

requests a remand to the Commissioner to consider the import of this post-hearing evidence.

In support of these arguments,  Kohler has attached to his Exceptions a  report by Dr. Joita

Nedelcu of the Robert Packer Hospital.   Dr. Nedelcu provided a mental status examination and

4

diagnosis on January 8, 2005, the date of Kohler's admission to the Behavioral Science Unit of the Robert Packer Hospital, and of January 26, 2005, the date of his discharge.  Both the admissions and discharge diagnoses indicate that Kohler suffers from recurrent major depressive disorder.  Moreover, both diagnoses note that Kohler's GAF was at 20.   Kohler had been hospitalized after he had burned down his house, an action that was apparently precipitated by a determination adverse to Kohler's interests in his divorce proceedings.  Kohler urges that this evidence compels the conclusion that the ALJ erred in his assessment of Kohler's mental condition in October of 2003.

It is settled law in the Third Circuit, however, that "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001).  Thus, for example, in Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991), the claimant sought to introduce evidence of a post-hearing hospitalization to show that the ALJ had not given appropriate consideration to his history of alcohol abuse.  Our Court of Appeals ruled that "[b]ecause this evidence was not before the ALJ, it cannot be used to argue that the ALJ's decision was not supported by 'substantial evidence.'" Id.  Similarly, evidence of a depressive episode occurring more than one year after the ALJ's decision cannot be considered for purposes of determining that the ALJ's consideration of the evidence before him was erroneous.  See Fricker v. Halter, 45 Fed. Appx. 85, 87 (3d Cir. 2002).

5

Kohler asks that this matter be remanded to assess the import of the January, 2005 medical information.  A remand may be directed where there is "new" evidence that is material to the determination in question.  That is, the evidence in question must "'relate to the time period for which the benefits were denied, and . . . not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" Milano v. Commissioner of Social Security, 152 Fed. Appx. 166, 171 (3d Cir. 2005) (quoting Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984)).  In this case, the determination in question concerns Kohler's mental status as of October, 2003.  The new evidence does not relate to the time period in question.  The evidence does not show that Kohler suffered from severe depression during the period predating the ALJ's decision and continuing into January of 2005.  Instead, it suggests that Kohler's depression is situational, a conclusion that is consistent with the ALJ's finding of an acute episode of limited duration in the Spring of 2003.  Accordingly, a remand is not warranted here.  See Raglin v. Massanari, 39 Fed. Appx. 777, 781 (3d Cir. 2002).

**3. Inclusion of All Impairments in the Hypothetical Question**

Kohler asserts that the ALJ's hypothetical question to the vocational expert did not include all his impairments.  (Exceptions to R&R, Dkt. Entry 16, at 15-18.)  Specifically, Kohler asserts that the ALJ, in determining his residual functional capacity, failed to consider that his herniated disc showed movement after surgery and that he had experienced depression and an

explosive personality for over 23 years.  (Id., at 16.)

A hypothetical question posed to a vocational expert must, of course, incorporate all impairments supported by the record.  See Corley v. Barnhart, 102 Fed. Appx. 752, 755 (3d Cir. 2004).  In this case, the hypothetical question included the functional limitations found in a functional capacity evaluation completed in August of 2003.  (R. at 249-255.)  That evaluation concluded that Plaintiff could perform work in the sedentary to light exertional capacity.  The fact that the disc herniation may have "moved" is not pertinent to this assessment.  Moreover, as noted above, the record supported the ALJ's determination that the acute episode of depression did not substantially affect Kohler's capability to work.  Accordingly, the hypothetical question did not omit material impairments.

**NOW, THEREFORE, THIS 17th DAY OF FEBRUARY, 2006,** for the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

1.   The Report and Recommendation of Magistrate Judge Blewitt is **ADOPTED**.

2.   The decision of the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act is **AFFIRMED.**

3. The Clerk of Court is directed to enter judgment in favor of the Commissioner and against the plaintiff.

4.  The Clerk of Court is directed to mark this matter **CLOSED.**


**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania